*EMERGENCY*

# COMPLAINT FOR HABEAS CORPUS & FRAUD OF CIVIL RIGHTS



FILED

2019 JUN 21  PM 1: 26

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

William Henry Hamman
1209 N Westmoreland Dr. Orlando, FL 32804
407-630-1349
will@freewill.rocks
17 years old

## UNITED STATES FEDERAL DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| William Henry Hamman<br>Ava Bass Hamman<br>Alfred Risien Hamman<br>Careen Mae Hamman<br>William Wilbert Hamman (deceased)<br>            Plaintiffs<br>          vs.<br>Valencia College Board of Trustees, University<br>of Central Florida Board of Trustees, Youndy<br>Cook, BakerHostetler, Patrick Muldowney,<br>Ashley Schachter, Ron DeSantis<br>            Defendants | 6:19-CV-1153-ORL-41GJK<br>Case No:_____<br>COMPLAINT<br><br>Lower Tribunal Cases:<br>SC19-522<br>SC19-386 |

1

# TABLE OF CONTENTS

Jurisdiction-------------------------------------------------------------------------------4

Parties-------------------------------------------------------------------------------------4

Claim #1 - 1983 14th Amendment Carey v. Piphus Claim-------------------------------4

Claim #2 - 1983 vs UCF & Valencia---------------------------------------------------------6

Claim #3 - 1983 re PERT-------------------------------------------------------------------7

Claim #4 - 1985 vs UCF, Valencia, BH---------------------------------------------------10

Claim #5 - Habeas Corpus for Fraud of Substantial Right to Education under the
14th Amendment----------------------------------------------------------------------------24

Claim #6 - Habeas Corpus for Fraud of Constitutional Liberty to Procedural Due
Process and Extraordinary Process of Law under the 14th
Amendment-----------------------------------------------------------------------------------25

Claim #7 - Habeas Corpus to Remedy Illegal, Systematic Restraint of Physical
Liberty re Valencia's Underage Escort Requirement-----------------------------------30

Prayer for Relief---------------------------------------------------------------------------33

# TABLE OF AUTHORITIES

28 U.S.C. § 2241, 42 U.S.C. § 1985, & 28 U.S. Code § 1257  ------------------------4

Carey v. Piphus-------------------------------------------------------------------------------4

*Florida Statute* 1007.271-----------------------------------------------------------Passim

*Florida Statute* 1008.30(6)----------------------------------------------------------Passim

*Rules Regulating The Florida Bar*--------------------------------------------------Passim

*Fla. R. Civ. P.* 1.630-----------------------------------------------------------------------26

*Peyton v. Rowe*, U.S.Va.1968, 88 S.Ct. 1549, 391 U.S. 54, 20 L.Ed.2d 426--------30

I allege:

## JURISDICTION

1      Jurisdiction of this action is founded on 28 U.S.C. § 2241, 42 U.S.C. § 1985, & 28 U.S. Code § 1257

## PARTIES

2      I am a resident of Orange County, Florida as is my Dad Alfred and my Mom Ava.   William Wilbert and Careen, my grandparents, are from Seminole County Florida.

3      Defendants are all residents of Florida and do business in Orange County Florida, except for the Governor and the office of the state which reside in Tallahassee but do business through their agencies in Orange County

4      Defendants are government officials or their representatives with the power to contract and be sued as trustees for their respective institutions.

5      Defendants are sued in their individual and official capacities

## Claim #1 - 1983 14th Ammendment Carey v. Piphus Claim

6      This claim is on the fours with Carey v. Piphus, a case which was decided 8-0 in the United States Supreme Court in 1978.   The issue in Piphus is that

students had been denied 20 days of education without the benefit of notice & a
hearing on the substance of the charges by the school prior to suspension, therefore
the standard for necessary procedural due process is set at 20 days deprivation of
education

7     **The parties are not merely similar, but identical**.   At all times in the
denial Jarius Piphus and I were both minors with rights and responsibilities to
participate in the states education program per law.   Defendants / respondents in
the underlying cases are both state agencies with explicit, statutory & ministerial
responsibilities to provide such educational programming to students who are
legally eligible

8     **The circumstances of this claim are not merely similar, but are also
identical**.   This claim seeks relief for the denial of 20 continuous days of legally
eligible education as I have indisputably been denied in excess of 20 days of
education

9     **The issues in this claim for relief are likewise identical**.   I was denied the
right to participate in education which was ministerially due to me under law and I
was not given notice or an opportunity to appeal the decision on the substance
prior to such denial

10     **The relief sought in this claim is identical** to that described in the salient
paragraph of Piphus which declares appropriate damages shall vindicate actual
injury and that punitive damages shall not attach in the absence of malice in the
denial of the right deprived

## Claim #2 - 1983 vs UCF & Valencia -

11     I have a substantive due process right to education guaranteed by the 14th
amendment

12     That civil right ensures that the constitution of the United States further
protects my explicit statutory right to the Dual Enrollment program per *Florida
Statute* 1007.271

13     I am denied these explicit statutory and civil rights

14     It is not in dispute that the root cause of this denial is a set of policies and
requirements for the Dual Enrollment program

15     Respondents' explicit words in the disputed requirements on their web sites
are in direct contradiction with the black letter of Florida Statute 1007.271

16    Respondents **both explicitly require a high school GPA** for home

education students for participation in the Dual Enrollment program (Appendix pgs

XXX & YYY)

> "**A high school grade point average may not be required** for home
> education students" *Florida Statute* 1007.271(13)(b)(1)

17    Therefore, I am currently in abeyance of my civil right to substantive due

process and the indisputable statutory rights granted by *Florida Statute*

1007.271(13)(a) directly due to respondents actions which explicitly contradict the

black letter of a valid statute and pray relief from this and all other abuses

enumerated in the memorandum of abuse incorporated as if inserted here

## Claim #3 - 1983 re PERT

18    Those additional abuses include a nearly prohibitive testing requirement

which is explicitly illegal, as *FS* 1007.271 et al provides legal eligibility for the

program upon attainment of predetermined criteria including which placement test

shall be used and exactly what the specific attainment hurdles are.

19    If a legally eligible student shall choose to take an english or math course

they must prove their readiness for such by passing the appropriate section of the

PERT required per FS 1008.30(6)

"A student may not be enrolled in a college credit mathematics or English course on a dual enrollment basis unless the student has demonstrated adequate precollegiate preparation on the section of the basic computation and communication skills assessment required pursuant to subsection (1) that is appropriate for successful student participation in the course" *Florida Statute* 1008.30(6)

20    The P.E.R.T. test is the single test referred to in section 1

21    Valencia requires college-level attainment of all three pieces of PERT as an initial eligibility requirement, UCF requires all three pieces of either the SAT or the ACT as an initial eligibility requirement.    (App pg# XXX & YYY)

22    If there is any concern that respondents have additional discretion to add these requirements, FS 1007.271(3) carves out the only exception in regards to the discretion to make additional eligibility requirements.

"Florida College System institution boards of trustees may establish additional initial student eligibility requirements, which shall be included in the dual enrollment articulation agreement, to ensure student readiness for postsecondary instruction. Additional requirements included in the agreement may not arbitrarily prohibit students who have demonstrated the ability to master advanced courses from participating in dual enrollment courses" *Florida Statute* 1007.271(3)

23    This requirement definitely does "arbitrarily prohibit students who have demonstrated the ability to master advanced courses from participating in dual enrollment courses" because a student is eligible with a 2.0 for career training and

eligible with a 3.0 high school GPA (except home ed students who may not be asked to provide GPA).    Once eligible, the only restriction is that if a student chooses to take math or english that they have to pass that section of the PERT prior to enrolling in that math or english class.    Therefore it does arbitrarily prohibit participation by those with appropriate high school GPA and legal eligibility from participating in every other subject but math & english.    For instance, a student who is a genius in science but a poor writer who couldnt pass that piece of PERT would be illegally denied science classes.

24    The first salient point in this claim is that this requirement opens the abuse suffered to include all public and private school students in addition to the home education students abused in claim 1

25    The second salient point is the point of fact that every single college and university in the state have the same illegal requirements, meaning that this abuse is currently being suffered by each of the more than 1.5 million minors in grades 6-12 in the state

26    The third salient point is that they have already irreparably injured 2.5 million minors whose time in high school has come and gone, minors who have no way to be made whole in regards to their ability to now participate and citizens

whose lives have been inexorably altered by this denial of their indisputable rights under the 14th and FS 1007.271 et al

## Claim #4 - 1985 vs UCF, Valencia, BH

27    The above abuses are all executed through the deceptive representation on the BoG & BoE's web member institutions' web sites which deny minor students' explicit statutory rights.   This is clearly systematic fraud deployed on a mass scale and the web site is the mechanism of fraud which delivers the final, terminal abuse for most would-be eligible students.   Therefore, everyone denied their rights, all four million of us, have been denied them through fraud if they happened to rely on the internet for their information.   This means that the Dual Enrollment fraud which  has been ongoing since 2002 and has touched every single one of us

28    To be clear,  we believe that we have now proven that Will's rights have been not only denied, but defrauded due to "just" this.   His civil rights have not just been denied, but have been deceptively (therefore fraudulently) denied.

29    In Spring of 2016, Will presented to UCF & Valencia seeking enrollment for the Summer term.   He was summarily denied summer and fall at Valencia and denied the right to even apply at UCF because at the time they illegally denied having to even accept applications from home education students at all

## Claim #4.1 - Overt Act of Fraud in Service of the Fraud in the Furtherance

30    In Spring 2016 the fraud in the furtherance reared its ugly head when he began attempting to appeal to each level of administration as to why he could not participate with applicable laws in hand.    He was seeking a hearing on the substance of why he could not participate as law explicitly states.    His pleas for such hearing went ignored at each level up to Dr. Hitt's office, whose assistant Miss Nancy testily referred us to counselor Youndy Cook when we politely shared the laws with her.

31    In the conversation with counselor Cook where we plainly stated that he seemed to have a legal right and did in fact place controlling authority in her hand (actually she snatched it from mine) in the form of the DoE's Dual Enrollment FAQ.    The DoE FAQ succinctly summarizes and cites all relevant laws for the program.    At that time and in direct response to being shown black letter law that says that they must provide the program upon completion of specified criteria, UCF lied to us about the state of law of the word "shall" and simply told us that we did not understand the law and that words did not import their plain language meanings within the law.    This is indisputable.    (Motion for Summary Judgement pg# XXXX)

32    The canons of statutory interpretation directly show this to be false as plain language meaning is the first canon of construction which, if sufficient, precludes the need for any further interpretation.   She clearly lied in this regard - a lie which was in the service of the underlying fraud.   By this point, we indisputably have fraud in the furtherance of the underlying Dual Enrollment fraud on the part of counselor Cook and UCF.

## Claim #4.2 - Overt Act of Fraud in Service of the Fraud in the Furtherance

33    In the Fall of 2016, Will filed papers requesting a declaratory judgement for Valencia's abuses.   It was not well pleaded but it did contain the controlling authority of FS 1007.271 which shows their ministerial duties in plain language on it's face.   The attorneys at BakerHostetler knew or should have known immediately upon reading the complaint that their client, Valencia, was in fact breaking the law.   Contravention with law is clear from claim #2 above, (among others), and the *Rules Regulating The Florida Bar* speak directly to these situations.

> "Meritorious Claims and Contentions. A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous"
> *Rules Regulating The Florida Bar* 4-3.1

34    There can be no basis in law for defending the home education GPA rule in

the face of respondents explicit statement of intent to break the black letter of FS

1007.271(13)(b)(1) which is hosted on state web servers.


> A lawyer shall not counsel a client to engage, or assist a client, in
> conduct that the lawyer knows or reasonably should know is criminal
> or fraudulent" *Rules Regulating The Florida Bar* 4-1.2(d)

and

> "Criminal or Fraudulent Conduct. A lawyer who represents a client in
> an adjudicative proceeding and who knows that a person intends to
> engage, is engaging, or has engaged in criminal or fraudulent conduct
> related to the proceeding shall take reasonable remedial measures,
> including, if necessary, disclosure to the tribunal." *Rules Regulating
> The Florida Bar* 4-3.3(b)

35    There can be no good-faith claim by a lawyer that they did not understand

that respondents were breaking black letter law.    They knew (by virtue of our

making both directly aware,) and reasonably should have known that the

underlying act is criminal or fraudulent.    Therefore, by filing any paper in the

case BakerHostetler did in fact join the fraud on procedural grounds by acting in

it's furtherance per *R.R.T.F.B.* 4-3.


36    Then the criminal cabal said "hold my beer" & went "Florida man"


**Claim #4.3 - Overt Act of Fraud in Service of the Fraud in the Furtherance**

37     In their first filing in the case, Valencia moved for dismissal on the grounds that Will was already a student - gas-lighting the court into believing that we were so misguided and frivolous that we didn't understand this basic tenet nor if he was even in fact enrolled.    This point of fact is indisputable (Motion for Summary Judgement pg# XXXX)


38     This gas-lighting was effective in the face of incontrovertible points of fact and law.    The indisputable fact that they materially lied in that first filing ensures that this must be seen as an overt act of fraud in the furtherance of the underlying Dual Enrollment fraud.


39     It went unargued in the record that we told counselor Schachter directly on the phone that Will was not in fact enrolled in school and that the case could not be dismissed on those grounds and that we would be seeking redress for the additional policies which were vexing his rights.    20 minutes after we told her this directly she filed fraudulent evidence in their narrative while she should have been responsible for knowing before offering it as evidence.    This is indisputable. (Motion for Summary Judgement pg# XXXX)

40     It should be noted that BakerHostetler had been disqualified within the previous month by Preet Bharara for lying to the tribunal while defending Valdimer Putin through his cutouts Natalia Veselnetskya and Prevezon in the Magnitzky Affair.   (Appendix pg #XXXX)   This indisputable point of fact shows the egregious nature of the criminals that UCF & Valencia knowingly sought out to join in their conspiracy

41     We filed a reply to that motion to dismiss on November XXXX, 2016 which specifically stated that their claim that Will was admitted was a lie.   (App pg# XXXX)   It was not retracted.   BakerHostetler, UCF & Valencia to this day have not retracted this claim, a claim without which the entire motion to dismiss would fall and the case would have been properly decided in Fall of 2016

42     Instead, they did not retract but rather repeated this lie to Judge White in the May 2017 hearing.   They also indisputably failed to comply with the *R.R.T.F.B.* when they failed to disclose to Judge White controlling authority which had indisputably been made known to them.     These two points of fact are indisputable.   (Motion for Summary Judgement, pg# XXXX)

43     These are two more overt acts which are acts of fraud in and of themselves and are acts in furtherance of the underlying Dual Enrollment fraud

44   This indisputably caused the case to continue and Will was forced to drop one class in order to figure out enough law to sustain the suit.   (Motion for Summary Judgement, pg# XXXX)

45   Therefore, Valencia & BakerHostetler's fraud upon the court has already forced Will to drop out of a course that he was enrolled in, and he did so in order to attempt to fight to live another day toward earning his right to simply attend high school per law

46   But before he could reply to the Judge's order to resubmit the complaint, Valencia committed another act of illegal policy deployment which materially denied his education further, so we reasoned that we could resubmit in this or another case if and as necessary.   After Will dropped that course in order to overcome defendant's fraud upon the court, they informed him of the illegal "one withdrawal" requirement, meaning that if he took another W that he would be illegally thrown out of the program and simply not allowed to log in to enroll. This is indisputable.   (Motion for Summary Judgement, pg# XXXX)

47     Again, the only possibility of a Piphus hearing by this point is finding a way to actually win against a criminally fraudulent conspiracy which was abusing students of hundreds of millions of dollars of education per year.

48     As they say, "that escalated quickly"

**Claim #4.4 - Overt Act of Fraud in Service of the Fraud in the Furtherance**

49     While trying to figure out law after his annual vacation with his grandparents in July, Valencia made this fight personally malicious in denying a high level course for which Will was indisputably legally eligible.    This is indisputable.    (Motion for Summary Judgement, pg# XXXX)

50     Then he had to try to figure out how to file and execute a verified temporary injunction in order to join the course he was legally rightfully eligible for before it started and the ship left port.    Even though this was during the hurricanes which left Will with both a broken foot and hand from clearing debris accidents, he figured out enough that each of these should have been treated as petitions for mandamus under XXXX & the case should have been decided three times, once for each motion which the Judge was supposed to have read and evaluated on it's merits.

51     This is when he appealed to Judge Lauten as their boss (obviously

incorrectly,) and Judge Lauten's email pointed to our need to have acted in

certiorari prior to teh receipt of the email back from Judge Lauten telling us that he

had no authority to act

52     Because justice in that case had been irreparably defrauded for reasons

which we didnt understand nor believe was wholly the fault of our ignorance, we

chose to leave behind the claims upon illegal hurdles that he had already cleared

and focus on not letting Valencia steal this course from him the next time it was

offered which was Summer 2018.   He filed another case against Valencia in ????

Dec of 2018????? with a much better pleaded request for declaratory judgement

and injunctive relief focused only on this one course which Will had legal right to

be in, a petition which should have again been treated as a petition for mandamus

under XXXX and the relief been granted.

53     Defendants once again broke the *R.R.T.F.B.* 4-3.1 by once again overtly

committing fraud upon the court in offering a defense which had no basis in law

and was clearly in support of fraudulent denial of rights granted under FS 1007.271

54      They filed motions to dismiss and set hearing dates for the hearing on the

motions on both cases - UCF & Valencia.


55      We went to the law library and our first day we realized that mandamus was

the proper remedy.    We filed some struggle filings ???? March of 2018???? in

order to perfect the pleadings and did get them perfected in May of 2018


56      Since our previously filed mandamus requests went unanswered, we

reasoned that we had to bring it to the judge's attention.    We had also learned that

these were ex parte proceedings until the grant of the alternative writ and that we

werent required nor was it proper to serve respondents until the alternative writ

was granted.


57      We were (politely) scolded and Judge White admonished us for attempting o

circumvent legal process.    While it was polite, he did try to explain to us that what

we were attempting to do, ex parte communication, was cheating.    15 year old

Will told the Judge through the microphone in open ex parte session that he was

wrong and that we had the absolute right to communicate ex parte per *Fla. R. Civ.*

*P.* 1.630.    We were admonished more sternly and were forced by teh Judge to

even serve the petition prior to it's being read.    Judge Weiss's order dated XXXX

is clear in it's departure from essential elements of law.    This point of fact is
indisputable.    (Motion for Summary Judgement, pg# XXXX)


CITE & BRIEF EXAMINATION O THE FIVE THINGS IN WEISS'S ORDER


58    Because extraordinary procedures at law take precedence over ordinary
procedures, once the perfected petition for mandamus was submitted it legally
became the controlling document.    ???The Judges order??? makes it clear that the
petition for mandamus would only be considered once we had survived a
previously docketed hearing and that the hearing shall be on a motion to dismiss
the previous complaints for declaratory judgement.    This already took the case
father afield from the prescribed process than any case I could find in case law, just
that we had to walk into a hearing on a motion to dismiss a document which was
no longer legally relevant after having a 15 year old (attempt to) correct a judge in
open session.


59    Once we were in the hearing we were forced to defend a case which was
now a case in mandamus.    Because of unique circumstances, our only legal option
was to argue the case as was proper - a case in mandamus and we were forced to
present our entire case for mandamus as a defense to the motion to dismiss the
request for declaratory judgement.    We were also forced, through direct

questioning by the Judge, to address the replies to the responses which respondents would have given in their response to the alternative writ.    This is indisputably reflected in the record.    (Motion for Summary Judgement, pg# XXXX)

60    That obviously became significantly more challenging since we were forced to first assert to Judge Weiss that he had in fact committed abuse of our due process constituting reversible error and we handed him & respondents definitive case law to that effect before I said anything toward the hearing's noticed subject matter.    A 15 year old kid furiously writing notes for his old man to relay to the court to these effects clearly messed with everyones head as he was hurling these charges with the expedience necessary of another win-or-go-home confrontation. Like the previous hearing in which we had 8 minutes to overcome an illegal assault that defendants put on for 22 minutes, we had little time to claim and argue clear abuse of due process & judicial error, put on our case for mandamus as the zealous defense necessary to survive, and rebut both defense and direct bench questions.

61    A few weeks later defendants strenuously opposed a temporary injunction allowing Will to simply start the courses which were being illegally denied contingent on ultimate success in the case.    There could be no argument that they werent fully cognizant of the issues and their ministerial duty to provide the classes all along and that it had just been so argued in court.

**Claim #4.5 - Overt Act of Fraud in Service of the Fraud in the Furtherance**

62     We immediately approached the Fifth District Court of Appeals with a poorly pleaded petition for certiorari and a perfected verified motion for temporary injunction to the effect of the above.   The appeals court eagerly accepted the filing & walked Will over the goal line on the pleading deficiencies to get the matter before the court.

63     The temporary injunction was for two courses which were being illegally denied.   Both classes had definitively passed the prerequisites that allowed him to participate via their own rules, but Valencia lied to the tribunal quickly saying that these were actually advanced level courses which they simply had the discretion to deny.   Both of these facts, that Will was legally eligible per their own illegal rules and that they lied about it, are indisputable.   (Motion for Summary Judgement, pg# XXXX & XXXX, respectively)

64     Nothing could have been further from the truth.   They once again used superior lawyering skills in the motions practice phase to assert lies which once again gaslit us to the court as being completely out of touch and fundamentally wrong.   Once again the court accepted BakerHostetler's appeal to the authority of

the *R.R.T.F.B.* and asserted things which could not have been legally asserted. Once again this strategy worked, as the injunction was never granted.

65     The perfected petition that had several enumerated claims for cert and one for mandamus - titled "why this matters".   We had seen that the joinder of claims was not impermissible and the mandamus claim was properly pleaded as a ministerial duty to grant

66     The order to show cause, which can only be granted  after determination of a prima facie case for relief was made, was issued against Valencia on June 17, 2018. Valencia failed to respond to several of the enumerated claims, including claims against which no legal argument can be legally made per the *R.R.T.F.B.*.

[ EXAM OF POINTS IN CERT PETITION ]

67     Finding nothing preclusive about filing supplemental petitions at this stage of a case and not wanting to miss any additional school, we filed a petition which tested all the rights Valencia was abusing and prayed their relief as well as defining the edges of each extraordinary writ.   UCF has exhibited a pattern of using the legal system itself as a vexatious strategy to keep people out of the program while they have an indisputable right to it until they no longer have right to seek it

because theyve aged out, so Will also submitted a perfected mandamus petition against UCF to coerce them to perform ministerial acts as soon as possible.

68     Your Honors, claim 4 will be amended in the near future to reflect despicable fraud at the Supreme Court of Florida level including fraudulent use of their police force.

69     Unfortunately, I must hastily plead three novel yet meritorious claims of Habeas Corpus.   I assert them here as jurisdictional claims which will give your Honors the temporal jurisdiction to address this injustice with appropriate expedition

EMERGENCY

**Claim #5 Seeking Relief in Habeas Corpus for Fraud of Substantial Right to Education under the 14th Amendment**

70     Brought for deprivation of a substantial right to education under 28 U.S.C. § 2241

71     Will stands in indisputable denial of his ability to participate in education which he has himself funded as a taxpayer in the state of Florida.   This must be accorded additional significance in Florida because the state is not funded through a payroll tax but rather through a state sales tax & he bought a bunch of guitars and

computers (before the conspirators made him incomprehensibly and physiologically ill)

72    That denial is incontrovertibly in direct and explicit opposition to a valid Florida Statute, *F.S.* 1007.271.   It is illegal and there is no other remedy available

73    Will had an indisputable right to the full incorporation of constitutional protections guaranteed under the 14th

74    Will has been denied that substantial right, or "liberty"

75    The argument:

> **"The Habeas Corpus secures every man here, alien or citizen, against everything which is not law, whatever shape it may assume." Thomas Jefferson** to A. H. Rowan, 1798. ME 10:61

76    Thomas Jefferson himself cries out for justice for these children from the grave with two hundred year old words that founded our justice system

## Claim #6 Praying Relief in Habeas Corpus for Fraud of Constitutional Liberty to Procedural Due Process and Extraordinary Process of Law under the 14th Amendment

77     The same 14th amendment guarantees incorporation of historic common law

and the protections codified in the Magna Carta when the first extraordinary writs

were turned against the king.   ("The king" is coincidentally the metaphor we have

used since long before we knew what we were talking about to signify an

executive branch exercising illegal, arbitrary discretion.)


78     Wills rights have been so eroded that he has had to learn to conclusively

state a next-level claim of abuse of constitutionally guaranteed due process to the

Supreme Court of the United States of America to correct the inadvertent abuses of

a judicial system which we overwhelmed with legal assault upon the conspirators

to get them to stop doing crimes as a vexatious way to avoid the justice of

judgement in time for him to enjoy his rights before they expire (A claim of ours

which went unargued in state proceedings)


79     Will has been denied the right to extraordinary proceedings rooted in the

Magna Carta and guaranteed by the Constitution in each of the three levels of

Florida Court


80     First, in trial court, he was denied explicit right to extraordinary process

guaranteed under *Fla. R. Civ. P.* 1.630 which makes the grant of the writ ministerial

duty when due.   This denial of his right to the grant of the writ was executed

through the fraud upon the court by the criminal cabal of Baker Hostetler, it's attorneys Muldowney & Schachter, UCF and it's "attorney" Youndy Cook and Valencia.   The denial was predicated upon several abuses of ordinary and extraordinary process, abuses which are each explicit in the record.   These include materially lying to the tribunal in their first motion to dismiss, thereby overtly joining the conspiracy.   (A material lie which we demanded be retracted at the time and has yet to be corrected by respondents.)   We were also judicially required to serve respondents in direct opposition to explicit process laid out in 1.630 as well as having to attend a hearing on the substance of a motion to dismiss which was no longer proper in the case once we stated it properly as a case in mandamus and had to then argue and defend our entire case in mandamus in order to survive to fight another day.   In that hearing Will argued, through notes written to & through me, for his right to constitutional process in a hearing which we had to turn into a fight against the Judge abusing due process.

81     Next, in appeals court, we were denied extraordinary process in the interest of justice.   Will had been granted an alternative writ on June XXXX, 2018 ordering Valencia to show cause why the relief demanded in the petition should not be granted.   This order could not have come before an initial determination of a prima facie case for relief.   A prima facie case for relief had then therefore been proven.   Valencia failed to argue properly pled and specified charges which were

granted as having made such prima facie showing.   One of the counts included a

perfected claim for relief in mandamus, a claim which was ministerially due per

case law cited in the petition.   Again, when they realized the gravity of the case

and it's position as the predicate fraud to the funding fraud which was at the time

engulfing the state in a duststorm, this was denied in an unelaborated order which

pointed out that unelaborated orders in connection with extraordinary writs were

not bars to reapplying for the same relief  in any Florida court.


82    Four days later the brawl that the case had become was filed in the Supreme

Court of Florida.   By this point the kid had a tight bead on it all and had stated an

indisputable claim for relief for three mandamus grants which per law were

ministerially due based on Comcoa & three which conclusively proved all four

elements of the criminal fraud in the furtherance.   The Florida Supreme Court did

not follow the law and grant one writ which has one point of (mutually agreed-

upon) fact and one point of law that is less than a dozen words which show clear

conflict and demand for grant of relief under Comcoa, as the single count of

SC19-522 clearly offered the court jurisdiction and the interest of justice in which

to act in less than two dozen salient words strung together with the direct words

from the Supreme Court of Florida itself as the supporting logic

<u>Single point of fact</u> - A high school GPA is required for home education students.    (Appendix pg XXX)

<u>Single point of law</u> - "**A high school grade point average may not be required** for home education students" *Florida Statute* 1007.271(13)(b)(1)

83    This is all the relief he sought prior to the cabal's egregious and personally malicious three-year fraud in the furtherance which has caused substantial discernible injuries.    That and that they allow him to participate per law once he has passed the tests identified per law which grant his legal eligibility, a claim for mandamus which is every bit as clear as the above pendant unresolved issue. Thats literally all he demanded of UCF

84    Instead of making reasonable remedial measures as required per the Rules Regulating The Florida Bar 4-3 when presented indisputable controlling authority in 2016, we are still being defrauded by the cabal of our right to justice through the courts by their direct actions and fraud upon the court's ability to deliver justice, as once again he was denied rights of extraordinary process and relief codified 800 years ago in English common law and articulated in the U.S. Constitution.

It all began as seemingly small defects & seemingly acceptable hassles to deal

with, like simply requiring a home education student's parent to just write a

transcript that reflects a 3.0 GPA - what could be the harm in that?    But as pled in

2016, that was unacceptably abusive of our parental rights to direct my sons

education.    This seemingly small leak in the dyke becomes a dam failure of

process and gross miscarriage of justice, culminating in UCF fraudulently using

the police force they are entrusted with to defraud me of my personal liberty in the

service of the fraud in the furtherance of the underlying Dual Enrollment Fraud

> **Writ of habeas corpus is not static, narrow, formalistic remedy**; its
> scope has grown to achieve **purpose of protection of individuals
> against erosion of their right to be free from wrongful restraints
> upon their liberty**.   *Peyton v. Rowe*, U.S.Va.1968, 88 S.Ct. 1549,
> 391 U.S. 54, 20 L.Ed.2d 426

85    This court seems to provide guidance that the writ shall be available to

correct such erosional assaults on fundamental liberty by the government as these


## Claim #7 Praying Relief in Habeas Corpus to Remedy Illegal, Systematic Restraint of Physical Liberty re Valencia's Underage Escort Requirement

86    Your Honors, the preceding two claims under habeas seem meritorious but

potentially judicially laborious.    We are therefore willing to lay them aside in

favor of a more technical claim under habeas which we pray will allow for

expeditious disposition of the restraint on liberty.    While Claim #7 is presently

strategically deployed as a jurisdictional claim to achieve the temporal expedience

of a habeas claim which should give the claimant the right to substantially question the legitimacy of such restraint, it is also a claim which is ripe for immediate remedy in it's own right as an egregious abuse of a student's right to participate in legally mandated education

87      Simply put, Valencia illegally dissuades Dual Enrollment students less than 16 years old from participating in the program per law by illegally requiring they be escorted by their parent or guardian at all times on campus.    Valencia is ministerially required to offer the program per *FS* 1007.271(13)(b) to home education students legally eligible per *FS* 1007.271(13)(a).   The four corners of the program mandatorily required to be executed by the executive branch are plainly defined in clear language of the blackletter of the law with such specificity as to not need to proceed beyond the first step of the canons of statutory interpretation.    Nowhere in any of the 34 Dual Enrollment statutes can any such or similar requirement be found.   F.S. 1007.271(3) grants the only legal mechanism within the four corners of the law for creating additional requirements for the Dual Enrollment program.   The underage escort policy may not be legally required in that it fails to clear the additional requirement clause which states:

> "Florida College System institution boards of trustees may establish additional initial student eligibility requirements, which shall be included in the dual enrollment articulation agreement, to ensure student readiness for postsecondary instruction. Additional requirements included in the agreement may not arbitrarily prohibit

students who have demonstrated the ability to master advanced
courses from participating in dual enrollment courses" *Florida Statute*
1007.271(3)

88    First off, as is clear in the text and for reasons which we need not discern,

the legislature felt it inappropriate to grant universities a mechanism to "establish

additional initial student eligibility requirements".    Furthermore this requirement

cannot be said to "ensure student readiness for postsecondary instruction".

Lastly, this policy does definitely and directly "arbitrarily prohibit students who

have demonstrated the ability to master advanced courses from participating in

dual enrollment courses" as it definitely does deny the personal liberty of the

parent or guardian in such a way as to virtually guarantee students cannot

participate during business hours unless they have a stay at home parent who can

physically attend to such.

89    Therefore the underage escort policy may not appear in the articulation

agreement per law.

90    Because the state has illegally exerted physical jurisdiction over the parent/

guardian of the eligible student, habeas should lie in relief

91     Accordingly, we seek immediate redress under habeas corpus for the rights of several hundred thousand students in grades 6-12 who are less than 16 years of age which are currently being abused under this policy.    The injury to the rights of all of them is because there is no restriction on which college or university one participates in, therefore the rights of each eligible student in the state are similarly abused when any one of the 40 institutions fails to offer the program per law

### Prayer for Relief

Your Honors,

This prayer will be amended in the near future.    First and foremost, I, Wills dad, pray that this Court see fit to open itself today for the Will to make a dying declaration.

For reasons which I do not have time to explain now, I believe he will beat this. Unfortunately few doctors would agree and he is now being kept sedated until we find a cure.

My son deserves his day in court after spending what may be the last three years of his life being abused by a criminal conspiracy operating under color of the state of Florida in the pursuit of curing that abuse.

My son is held in abeyance of his fundamental liberties to education and due process.

He deserves to ask someone why.    He deserves his Piphus hearing.    And he deserves to be there at least at the suits inception.

I cannot promise we will be able to revive him Monday or any day until we figure out this orphan disease and can allow him to come out of sedation.    As it stands, his not being sedated is perilously and potentially fatally dangerous

I declare under penalty of perjury that the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Respectfully submitted this 21st day of June, 2019

Alfred Risien Hamman
1209 N. Westmoreland Dr
Orlando, Fl 32804

407-421-9323